[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15972
Non-Argument Calendar
_____

Agency No. A79-665-883

XUE FANG OU YANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 12, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Xue Fang Ou Yang, proceeding *pro se*, petitions for review of the Board of

Immigration Appeal's ("BIA") denial of her motion for reconsideration of the BIA's denial of her motion to reopen her case, after the BIA affirmed without opinion the Immigration Judge's ("IJ") decision that petitioner did not qualify for asylum or withholding of removal under the Immigration and Naturalization Act ("INA"), and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"). *See* INA §§ 208(a)(1), 241(b)(3); 8 U.S.C. §§ 1158(a)(1), 1231(b)(3), 8 C.F.R. § 208.16(c). Petitioner challenges the IJ's decision to deny her asylum application, the BIA's decision adopting the IJ's decision, the BIA's denial of her motion to reopen her case, and the BIA's denial of her motion for reconsideration of the denial of her motion to reopen. She argues that the IJ erred in finding that she lacked credibility, that she suffered no past persecution, and that she has no fear of future persecution. Because petitioner's removal proceedings commenced after April 1, 1997, the effective date of IIRIRA, this case is governed by the permanent provisions of the INA, as amended by IIRIRA. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). We review the denial of a motion for reconsideration for an abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or

2

conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotation omitted).

After the BIA has affirmed an IJ's order of removal, the alien may seek reconsideration on the ground that the BIA has made a legal or factual error, *see* INA § 240(c)(6); 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1), or may move to have the BIA, in its discretion, reopen the removal proceedings for the submission of new evidence, *see* INA § 240(c)(7); 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). A motion for reconsideration must specify the errors of law or fact in the previous order and be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C). Motions to reconsider are disfavored, especially in a deportation proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992) (discussing motions to reopen).

Under the INA, a petitioner has 30 days from the date of the final order of removal to seek review in this Court and the filing deadline is not suspended or tolled by filing a motion to reopen. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1);

3

*Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

We conclude from the record that we do not have jurisdiction to review the BIA's orders affirming the IJ's denial of asylum relief or denying petitioner's motion to reopen because the petition for review was filed more than 30 days after these judgments became final. Moreover, the BIA did not abuse its discretion in denying petitioner's motion to reconsider the BIA's denial of her motion to reopen her asylum case because her motion for reconsideration did not show any error of law or fact in the BIA's denial of her motion to reopen, but merely restated the arguments made in her motion to reopen. Accordingly, we dismiss the petition for review in part and deny it in part.

**PETITION DISMISSED IN PART; DENIED IN PART**